**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

JOHNNY WIGGINTON                                                                                    PLAINTIFF

v.                                              3:09CV00101 JTR

MICHAEL J. ASTRUE,
Commissioner, Social
Security Administration                                                                          DEFENDANT

## ORDER

Pending before the Court is Plaintiff's Motion requesting an award of attorney's fees and expenses under the Equal Access to Justice Act ("EAJA"). (Docket entry #18). For the reasons set forth herein, the Motion will be granted, in part, and denied, in part.

On July 9, 2009, Plaintiff filed this action challenging the Commissioner's decision denying his claim for social security benefits. (Docket entry #2). On August 13, 2010, the Court entered a Memorandum Order and a Judgment (docket entries #16 and #17) reversing the Commissioner's decision and remanding the case pursuant to sentence four of 42 U.S.C. § 405(g) and *Melkonyan v. Sullivan*, 501 U.S. 89 (1991).

On October 14, 2010, Plaintiff's attorney, Mr. Anthony W. Bartels, filed a

Motion for an Award of Attorney's Fees Under the Provisions of the EAJA. (Docket entry #18). Pursuant to an agreement between Bartels and the Office of General Counsel of the Social Security Administration, Bartels requests payment for 17.05 hours of work performed by an attorney during 2009 and 2010 at the adjusted hourly rate of $175.00. Furthermore, Bartels seeks payment for 5.05 hours of paralegal time at the rate of $75.00 an hour, and $16.62 in expenses. The Commissioner does not object to the requested amounts for attorney's fees and expenses. (Docket entry #20).

Under these circumstances, the Court concludes that Plaintiff is entitled to an award of fees and expenses under the EAJA, and that the amount requested is reasonable.

Bartels goes on to argue that any EAJA award should be "payable to and mailed directly to counsel" pursuant to the assignment in his contract with Plaintiff. (Docket entry #18). The Commissioner objects to this procedure, citing the Court's holding in *Astrue v. Ratliff*, 130 S. Ct. 2521 (2010). The Commissioner proposes that, "[a]fter the Court issues the order for EAJA fees, Defendant will contact the United States Department of Treasury to inquire whether Plaintiff owes a debt subject to the administrative offset. If the Plaintiff does not owe a debt to the United States Government, Defendant will issue a check payable to Plaintiff's attorney." (Docket entry #20 at 1-2).

For the reasons explained in *Rodgers v. Astrue*, E.D. Ark. No. 4:09CV00694 JTR at docket entry #27, and consistent with the procedure suggested by the Commissioner, the Court will award Plaintiff her attorney's fees pursuant to the EAJA.

IT IS THEREFORE ORDERED that Plaintiff's Motion for an Award of Attorney's Fees Under the EAJA (docket entry #18) is GRANTED, IN PART, and DENIED, IN PART.

IT IS FURTHER ORDERED that Plaintiff is awarded $3,379.12 in attorney's fees and expenses under the EAJA.

DATED this 4th day of April, 2011.

_____
UNITED STATES MAGISTRATE JUDGE